CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
September, 04 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

**GEROGE CHILDRESS,**

Plaintiff,

v.

**JEWELL SMOKELESS COAL CORPORATION,**

Defendant.

Case No. 1:26CV00006

**OPINION AND ORDER**

JUDGE JAMES P. JONES

*Jason D. Gallagher, GALLAGHER LAW FIRM, PLLC, Abingdon, Virginia, for Plaintiffs; Kevin D. Holden, René E. Thorne, Steven Sheesley, and Phillip C. Thompson, JACKSON LEWIS P.C., Richmond, Virginia, for Defendant.*

The defendant has filed a Motion to Dismiss the Complaint in this case. For the reasons that follow, I will treat the defendant's Motion to Dismiss as one for summary judgment as permitted by Federal Rule of Civil Procedure 12(d).

I.

The plaintiffs[1] are twenty-two individuals who are retired employees and dependent spouses. Each plaintiff met the eligibility requirement for retiree medical benefits and maintained an ERISA plan under those benefits. In December

[1] The plaintiffs initially filed twelve substantially similar Complaints against the defendant in the Circuit Court of Buchanan County, Virginia, each of which was removed to this court. On February 4, 2026, the cases were consolidated and 1:26CV00006 was designated as the Lead Case.

2024, the defendant significantly reduced the subsidy provided to plan beneficiaries. The plaintiffs allege that this reduction made it impossible to obtain coverage equivalent to what was promised at retirement. The plaintiffs' Amended Complaint makes claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 ("ERISA").

II.

Federal Rule of Civil Procedure 12(d) provides that on a Rule 12(b)(6) motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). When a defendant's motion to dismiss raises an affirmative defense that is not apparent on the face of the complaint and extra-pleading material is submitted and accepted, the court may treat the motion as one for summary judgment. *See, e.g., Merricks v. Monaco Coach Corp.*, No. 3:08CV00047, 2008 WL 5210856, at *1 (W.D. Va. Dec. 15, 2008).

Here, the defendant has submitted matters outside of the pleadings. The defendant's motion to dismiss raises the affirmative defense of failure to timely exhaust administrative remedies. *See Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (recognizing that failure to exhaust administrative remedies is an affirmative defense); *see, e.g., Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 445–

46 (2nd Cir. 2006) (explaining that "a failure to exhaust ERISA administrative remedies under section 502(a)(1)(B) is an affirmative defense"). To support the defense of failure to timely exhaust administrative remedies, the defendant attached a copy of the applicable ERISA plan to its Motion to Dismiss. The exhaustion defense was not apparent on the face of the plaintiffs' complaints, as the plaintiffs took no position on whether they had timely exhausted administrative remedies under the ERISA plan.

Rule 12(d) further requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Fourth Circuit has held that the term "reasonable opportunity" means that all parties must be given "some indication by the court… that it is treating the 12(b)(6) motion as a motion for summary judgment" to allow both parties to file affidavits and pursue reasonable discovery. *Johnson v. RAC Corp.,* 491 F.2d 510, 513 (4th Cir. 1974) (internal quotation marks and citation omitted).

Since the defendant's Exhibit A, a matter outside of the pleadings, has been submitted and considered on the issue of exhaustion of administrative remedies, the plaintiff may engage in appropriate discovery pertinent to the issue of whether administrative remedies were timely exhausted.

III.

Accordingly, it is **ORDERED** that the parties are granted leave to file further materials pertinent to the defense of failure to timely exhaust administrative remedies on consideration of a motion for summary judgment, provided such materials are filed within sixty (60) days hereof.

ENTER: September 4, 2026

/s/ JAMES P. JONES
Senior United States District Judge